B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Ability Intermediate Holdings, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**27-1231715** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**c/o CDG Group, LLC**<br>**645 Fifth Avenue**<br>**New York, NY**    ZIP Code **10022** | Street Address of Joint Debtor (No. and Street, City, and State):    ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP Code | Mailing Address of Joint Debtor (if different from street address):    ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ■ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box) | Check one box: |
|---|---|
| ■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>**Chapter 11 Debtors**<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**    THIS SPACE IS FOR COURT USE ONLY

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| B1 (Official Form 1)(04/13) | | Page 2 |
|---|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Ability Intermediate Holdings, Inc.** | |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **See Attached** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> X_____ <br>   Signature of Attorney for Debtor(s)   (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)   Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Ability Intermediate Holdings, Inc.** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X _/s/ illegible signature_____
Signature of Attorney for Debtor(s)
**William E. Chipman, Jr. (No. 3818)**
Printed Name of Attorney for Debtor(s)
**Cousins Chipman & Brown, LLP**
Firm Name
**1007 N Orange Street**
**Suite 1100**
**Wilmington, DE 19801**
Address

**302-295-0191**
Telephone Number
1-21-14
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/ M F Gries_____
Signature of Authorized Individual
**Michael F. Gries**
Printed Name of Authorized Individual
**Interim Chief Executive Officer**
Title of Authorized Individual
1-21-2014
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

## ABILITY INTERMEDIATE HOLDINGS, INC. – SCHEDULE I – AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "**Debtors**"), that have filed voluntary petitions for relief in this Court under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**"), substantially contemporaneously with the filing of this petition.

1. Ability Intermediate Holdings, Inc.
2. ATI Acquisition Company
3. ATI Enterprises, Inc.
4. ATI Enterprises of Florida, Inc.
5. E&K Vocational Nursing Program, Inc.

# WRITTEN CONSENT OF THE DIRECTORS OF
# ABILITY INTERMEDIATE HOLDINGS, INC.

The undersigned, being all of the members of the Board of Directors (the "Board") of Ability Intermediate Holdings, Inc., a Delaware corporation (the "Company"), waive the notice, calling and holding of a meeting of the Board, and in lieu of such a meeting, in accordance with Section 141(f) of the General Corporation Law of the State of Delaware, do hereby consent to, adopt, authorize and approve the following resolutions and the actions specified therein, and direct that this Written Consent be filed with the minutes of the proceedings of the Board:

**WHEREAS**, the Board has considered the financial and operational conditions of the Company's business;

**WHEREAS**, the Board has reviewed, considered, and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a bankruptcy proceeding under Chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code");

**NOW, THEREFORE, BE IT RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Board has determined in its business judgment that it is in the best interest of the Company, its creditors, shareholders and other interested parties, and stakeholders that a voluntary petition be filed by the Company under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Petition"); and it is

**FURTHER RESOLVED**, that the members of the Board, and any other officer or person designated and so authorized to act (collectively, the "Authorized Persons") are, and each hereby is, authorized, empowered and directed to (a) execute, verify and file on behalf of the Company all documents necessary or appropriate in connection with the filing of said Bankruptcy Petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with the Bankruptcy Petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's Chapter 7 case; (c) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to employ the law firm of Cousins Chipman & Brown, LLP as counsel to assist the Company in filing for relief under Chapter 7 of the Bankruptcy Code and in carrying out the Company's duties under Chapter 7 of the Bankruptcy Code, and the officers of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, and immediately upon the filing of the bankruptcy case; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any officer in connection with the Chapter 7 case, or any further action to seek relief on behalf of the Company under Chapter 7 of the Bankruptcy Code, or in connection with the chapter 7 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the acts, actions and transactions heretofore taken by the officers of the Company or the Directors of the Company in the name of and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before those resolutions were adopted, be, and hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board, executed and delivered to the Company this Written Consent.

_____
Michael F. Gries


**Dated: January 21, 2014**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ABILITY INTERMEDIATE HOLDINGS, INC., | Case No. 14-_____ (___) |
| Debtor. | |

## STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO
## RULE 1007(a)(1) OF THE FEDERAL RULES OF BANKUPTCY PROCEDURE

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, Ability Intermediate Holdings, Inc. (the "**Debtor**"), as debtor in this Chapter 7 case, hereby represents that the following entity directly owns 10% or more of the Debtor's equity interests:

- Ability Holdings, Inc. – 100%

Dated: January 21, 2014          ABILITY INTERMEDIATE HOLDINGS, INC.

By: _____
Michael F. Gries
Interim Chief Executive Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ABILITY INTERMEDIATE HOLDINGS, INC.<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 14-_____ (    ) |
| In re:<br><br>ATI ACQUISITION COMPANY,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 14-_____ (    ) |
| In re:<br><br>ATI ENTERPSIES, INC.,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 14-_____ (    ) |
| In re:<br><br>ATI ENTERPRISES OF FLORIDA, INC.,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 14-_____ (    ) |
| In re:<br><br>E&K VOCATIONAL NURSING PROGRAM, INC.,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 14-_____ (    ) |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS

1.　　Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that Cousins Chipman & Brown, LLP ("**CCB**" or the "**Firm**") are attorneys for the above-named debtors (the "**Debtors**") and that compensation paid to the Firm within one year before the filing of the petitions of bankruptcy, or agreed to be paid to the Firm, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with these bankruptcy cases is as follows:

　　　　For legal services, CCB agreed to accept　　　　$120,000.00[1]

---

[1] Prior to the Petition Date and pursuant to a written engagement agreement, on October 22, 2013, the Firm received a $120,000.00 retainer (the "**Retainer**") from ATI Acquisition Company. The Retainer was to secure the payment of fees for legal services rendered and expenses incurred by the Firm on behalf of the Debtors prior to the Petition Date. Prior to the Petition Date, the Firm applied the Retainer to its prepetition fees and expenses in full.

Prior to the filing of this statement, CCB received.........................................$120,000.00[1]

Balance Due.........................................................................................................$0.00[1]

2.    The source of the compensation paid to the Firm was:

■ Debtor    ☐ Other (Specify)

3.    The source of compensation to be paid to the Firm was:

■ Debtor    ☐ Other (Specify)

4.    ■ The Firm has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of the Firm.

☐ The Firm has agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, the Firm agreed to render legal service for all aspects of the bankruptcy case until the conclusion of the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, including:

    a.    advise in connection with the preparation of the petition, schedules of assets and liabilities, statement of financial affairs, schedule of income and expenditures, lists of creditors and equity security holders, statement of executory contracts and unexpired leases, and master mailing list;

    b.    representation of the Debtors at the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code; and

    c.    representation of the Debtors as may otherwise be required to advise the Debtors regarding their rights and responsibilities as debtors under chapter 7 of the Bankruptcy Code and the Bankruptcy Rules.

6.    By agreement with the Debtors, the above-disclosed fee does not include the following services:

The Firm has been retained solely to serve as bankruptcy counsel to the Debtors until the conclusion of the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code. The Firm's legal services do not include appearances before any court or agency, other than the Bankruptcy Court, with respect to matters, which are, in essence, disputes involving issues of non-bankruptcy law, or the provision of substantive legal advice outside of the

insolvency area, unless the Firm agrees to represent the Debtors in such matters. In this regard, the Firm will not provide advice or representation regarding matters of taxation, labor, securities, ERISA, probate/estate planning, criminal or other non-bankruptcy or non-debtor/creditor specialties of the law.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to the Firm for representation of the Debtors in these bankruptcy proceedings.

Dated: January 21, 2014
      Wilmington, Delaware

**COUSINS CHIPMAN & BROWN, LLP**

_____
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone: (302) 468-4595
Facsimile: (302) 295-0199
Email: chipman@ccbllp.com
           olivere@ccbllp.com

*Counsel to the Debtors*

# United States Bankruptcy Court
### District of Delaware

In re    **Ability Intermediate Holdings, Inc.**                              Case No. _____

                                                      Debtor(s)                              Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

I, the Interim Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    1-21-2014                                    _____
                                                     **Michael F. Gries/Interim Chief Executive Officer**
                                                     Signer/Title

ABILITY INTERMEDIATE HOLDINGS, INC.
C/O CDG GROUP, LLC
645 FIFTH AVENUE
NEW YORK, NY 10022

ATI ACQUISITION COMPANY
C/O CDG GROUP, LLC
645 FIFTH AVENUE
NEW YORK, NY 10022

ATI ENTERPRISES OF FLORIDA, INC.
C/O CDG GROUP, LLC
645 FIFTH AVENUE
NEW YORK, NY 10022

ATI ENTERPRISES, INC.
C/O CDG GROUP, LLC
645 FIFTH AVENUE
NEW YORK, NY 10022

E&K VOCATIONAL NURSING PROGRAM, INC.
C/O CDG GROUP, LLC
645 FIFTH AVENUE
NEW YORK, NY 10022

CDG GROUP, LLC
645 FIFTH AVENUE
NEW YORK, NY 10022

ALMICH & ASSOCIATES
26463 RANCHO PARKWAY SOUTH
LAKE FOREST, CA 92630

DEBRA FOSTER, A/P MANAGER
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

DEBRA FOSTER, A/P MANAGER
8701 BEDFORD-EULESS ROAD
SUITE 400
HURST, TX 76053

GOLDMAN SACHS CREDIT PARTNERS L.P.
1 NEW YORK PLAZA
NEW YORK, NY 10004

SAM LIN, CONTROLLER
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

SAM LIN, CONTROLLER
8701 BEDFORD-EULESS ROAD
SUITE 400
HURST, TX 76053

KATHLEEN OHER
VICE PRESIDENT, FINANCE
6331 BOULEVARD 26
SUITE 400
HURST, TX 76053

KATHLEEN OHER
VICE PRESIDENT, FINANCE
8701 BEDFORD-EULESS
SUITE 400
HURST, TX 76053

ROYAL BANK OF CANADA, AS AGENT
4TH FLOOR, 20 KING STREET WEST
TORONTO, ONTARIO M5H 1C4

LYNDA SKINNER
DIRECTOR, TREASURY
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

LYNDA SKINNER
DIRECTOR, TREASURY
8701 BEDFORD-EULESS ROAD
SUITE 400
NORTH RICHLAND HILLS, TX 76180

SEAN KERRIGAN, CFO
8701 BEDFORD-EULESS ROAD
SUITE 400
HURST, TX 76053

ELVA RUTLIDGE
STAFF ACCOUNTANT
8701 BEDFORD-EULESS ROAD
SUITE 400
HURST, TX 76053

ANGELA EMERT
ASSISTANT CONTROLLER
8701 BEDFORD-EULESS ROAD
SUITE 400
HURST, TX 76053

WILLIAM MCMANUS, INTERIM CFO
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

CHERI KINDER
VICE PRESIDENT-CORP. CONT.
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

LYDIA CACDAC
SENIOR ACCOUNTANT
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

APRIL BROWNING
MANAGER - ACCOUNTING
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

LAMPHUNG NGO-BURNS, CFO
6331 BOULEVARD 26
SUITE 275
NORTH RICHLAND HILLS, TX 76180

JOSEPH FILAR, CONTROLLER
STVT-AAI EDUCATION, INC.
8701 BEDFORD-EULESS ROAD
SUITE 400
HURST, TX 76053

ABILITY HOLDINGS, INC.
C/O BC PARTNERS
667 MADISON AVENUE
NEW YORK, NY 10065

MICHAEL F. GRIES
C/O CDG GROUP, LLC
645 FIFTH AVENUE
NEW YORK, NY 10022

MICHAEL ZAWISKY, COO
8701 BEDFORD-EULESS ROAD
SUITE 400
HURST, TX 76053